[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On December 2, 1990 the plaintiff, Janet Cochran, CT Page 1398 operating a vehicle in which plaintiffs Ray Maestranzi, Danielle DiDonato, and Joseph Scalfani were passengers, was involved in a motor vehicle accident with one Eric Hines.
Janet Cochran and the other plaintiffs allege that they received personal injuries through the negligence of Eric Hines and that Hines was not insured at the time of the accident. Thus, they bring this action against Janet Cochran's insurance company, U.S.F. G., under the Uninsured Motorists coverage portion of her insurance policy. That coverage was $100,000.
Another lawsuit, Hines v. Cochran, arising out of the same motor vehicle accident was concluded by settlement prior to the institution of this action. Cochran's entire liability limit of $100,000 was paid to Hines.
Because the defendant has paid the entire limit of $100,000 under the liability portion of the policy, it has refused to pay anything further under the uninsured motorists coverage portion of the policy. Defendant moves for summary judgment.
The defendant contends that under General Statutes38a-336, et seq., 38-175a-b of the Regulations of Connecticut State Agencies, and under the insurance policy itself, the payment of Cochran's liability limit to Mr. Hines had the effect of absolving the defendant from liability under the uninsured motorists coverage portion of the policy. The policy, Part C — Uninsured Motorists Coverage — "Limit of Liability" provides under section B:
 "Any amounts otherwise payable for damages under this coverage shall be reduced by all sums: 1. Paid because of the `bodily injury' by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A; (liability coverage) . . ."
Defendant claims that the validity of the above insurance clause was recently upheld in American Motorists Insurance Company v. Gould, 213 Conn. 625 (1990). Plaintiff, on the other hand, claims that the Gould case is not controlling under the facts of this case because the sum of the limits of liability should be determined with reference CT Page 1399 to the tortfeasor's motor vehicle. They point out that the alleged tortfeasor is Eric Hines, and because he was without insurance, the applicable uninsurance coverage is therefore greater. They cite American Universal Insurance Co. v. DelGreco, 205 Conn. 178 (1987).
The court finds that the Gould case is controlling. American Universal Insurance holds that a dram shop policy should not be considered as a "bodily injury liability bond or insurance policy" for purposes of the uninsured motorists statute. Thus, the court held that American Universal was not entitled to set off the amount due the defendant by the amount paid to the defendant on behalf of the dram shop.
Plaintiff states that Hines and not Cochran was the tortfeasor. However, the defendant paid by way of settlement the sum of $100,000 to Hines on behalf of Cochran.
The policy itself provides in "Part A — Liability coverage" as follows:
 A. "We will pay damages for `bodily injury' or `property damage' for which any `insured' becomes legally responsible because of an auto accident . . . We will settle or defend, as we consider appropriate, any claim or suit asking for these damages . . ." (Emphasis added)
Whether or not Cochran was the tortfeasor is irrelevant. The fact remains that the defendant paid Hines on behalf of Cochran and was entitled to settle that case as it considered appropriate.
Accordingly, the motion for summary judgment is granted.
Allen, J.